**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 23, 2021[*]
Decided November 23, 2021

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 20-1502

| | |
|---|---|
| CLINTON HILL, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 18-4133 |
| | |
| KUL SOOD, | Sara Darrow, |
| *Defendant-Appellee*. | *Chief Judge*. |

**O R D E R**

Clinton Hill, an Illinois inmate, experienced a brief rise in creatinine levels that he attributes to medicine that Dr. Kul Sood prescribed almost two years earlier. Hill sued Sood under the Eighth and Fourteenth Amendments, alleging that Sood recklessly ignored a serious risk from the drug and violated his right to informed consent. *See* 42 U.S.C. § 1983. Because the undisputed evidence is that the risk from the drug was

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

slight, Hill did not connect his brief rise in creatinine levels to the drug, and no evidence shows that he would have refused the drug if he knew of its slight risks, the court entered summary judgment for Sood. Its reasoning is correct, so we affirm.

In January 2015, Sood prescribed meloxicam, an anti-inflammatory drug, to alleviate Hill's chronic joint pain. At that time, Hill had no history of kidney problems, blood tests revealed normal kidney function, and Hill reported that the drug worked well. Sood said that additional tests to monitor Hill's kidneys were not needed because the risk of kidney damage from meloxicam to a patient with normal kidney function is slight. Sood left his position at the prison over a year later, in July 2016.

Almost two years after Hill began taking meloxicam, in October 2016, a blood test detected high levels of creatinine, a body-produced chemical that may indicate kidney problems. The prison doctor who had replaced Sood took Hill off meloxicam. Hill's creatinine level dropped, but then rose again (despite the lack of meloxicam), then returned to and stayed within the normal range. A renal ultrasound did not detect any physical problems with his kidneys, such as swelling or stones.

Hill sued Sood and institutional defendants, contending that they deliberately ignored a risk of kidney damage in violation of his rights under the Eighth Amendment and that Sood should have warned him about the risks of meloxicam. At screening, the district court dismissed the institutional defendants (a ruling that Hill does not contest on appeal) and allowed the deliberate-indifference claim against Sood to proceed. Sood moved for summary judgment, and Hill asked the court to recruit a lawyer. The court denied that request, and after reasoning that Sood did not ignore any serious risks of harm or violate Hill's right to informed consent, it entered summary judgment for Sood.

Before turning to the merits of this appeal, we first address its timeliness. The "timely filing to a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). An appellant must file a notice of appeal in a civil action with the district court within 30 days of the judgment. FED. R. APP. P. 3(a)(1), 4(a)(1)(A). On February 21, 2020, the district court entered its judgment, and within 30 days, on March 7, 2020, Hill mailed a document labeled "leave to appeal" to both the district court and Sood. Sood received his copy on March 9. The copy addressed to the court, however, was marked "returned to sender" on March 15 and was not delivered to the court. The courthouse had relocated, and, apparently unaware of the change, Hill continued to use the courthouse's former address. His notice of appeal was not returned to the prison until March 25, after the 30 days to appeal had lapsed. Once

returned, two days later, on March 27, Hill filed his "leave to appeal" electronically with the district court, which it accepted as a notice of appeal.

Under the prison mailbox rule, Hill's appeal is timely. The rule states that an inmate's appeal is timely if the notice of appeal is deposited in the prison's mail system on or before the last day for filing. FED. R. APP. P. 4(c)(1). The inmate must furnish a declaration under 28 U.S.C. § 1746, or other evidence, of: (1) the date of the notice's deposit in the prison's mail system and (2) prepayment of first-class postage for mailing. *Id.* Hill provided (1) a declaration that he deposited the notice in the prison's mail system on March 5, well within the 30-day period, and (2) a copy of the envelope, reflecting that on March 7 he paid full postage for the prison's mail system to mail his notice to the court. Sood does not argue that the prison's mail system required Hill to use the new address (of which he was unaware), and "[a] court ought not pencil … any extra word into the text of Rule 4." *United States v. Craig*, 368 F.3d 738, 740 (7th Cir. 2004). Because Hill complied with the requirements of the prison mailbox rule, his filing is timely.

Turning to the merits, we review the entry of summary judgment de novo and draw all reasonable factual inferences in Hill's favor. *Perry v. Sims*, 990 F.3d 505, 511 (7th Cir. 2021). To overcome summary judgment on an Eighth Amendment claim, Hill must provide evidence from which a jury could find that he faced a substantial risk of harm from a serious medical condition and that Sood knew about but deliberately ignored the risk. *See Farmer v. Brennan*, 511 U.S. 825, 829 (1994); *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010). To recover under § 1983, the risk must materialize into an actual injury. *See Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020).

Hill first argues that he deserves a trial on whether Sood deliberately ignored a serious risk of kidney problems, but no evidence suggests that Sood disregarded such a risk. To the contrary, when Hill began to take meloxicam, Sood knew that Hill's blood tests showed that his kidney function was normal. Sood's professional judgment—that the risk of serious kidney problems from meloxicam to a patient with no kidney problems is slight—is uncontested. Also, no sign of potential kidney problems arose until after Sood's departure from the prison. Sood cannot be liable for failing to heed a supposed warning that occurred when he was no longer employed at the prison. *See Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017). Even if Sood should have tested Hill's blood sooner for a possible warning about creatinine levels, the brief rise in those levels was not necessarily related to meloxicam because the elevation recurred even after Hill stopped taking the drug. Finally, the eventual return of Hill's creatinine levels

to the normal range and the absence of any physical signs of kidney damage defeat a claim for a compensable injury. *See Lord,* 952 F.3d at 905.

Next, Hill argues that the district court wrongly entered summary judgment on his claim that Sood violated his right under the Fourteenth Amendment to informed consent to the risk of meloxicam. Sood responds with a procedural objection. He argues that the district court allowed only Hill's deliberate-indifference claim to proceed past screening, and under *Lewis v. Downey,* 581 F.3d 467, 480 (7th Cir. 2009), we should not allow him to pursue the informed-consent claim now. But unlike in *Lewis,* Hill litigated his informed-consent claim as part of his deliberate-indifference claim, Sood responded to the former claim without raising a procedural objection, and the district court ruled on its merits in entering summary judgment. So we will consider it too.

Sood is correct, though, that this claim is fatally flawed. To survive summary judgment, Hill had to furnish evidence that, had Sood informed him of meloxicam's risks, he would have refused the drug. *See Knight v. Grossman,* 942 F.3d 336, 344 (7th Cir. 2019). As the district court aptly noted, Hill did not do so. Only belatedly, in his notice of appeal, does he say that he would have refused the drug. But this assertion is not sworn to be true under the penalty of perjury, so it is not evidence. In any event, we cannot consider evidence that was never submitted to the district court before judgment. *See Hildreth v. Butler,* 960 F.3d 420, 429 (7th Cir. 2020).

Finally, we review for abuse of discretion the district court's denial of Hill's motion to recruit counsel. *Perry,* 990 F.3d at 513. The court properly assessed whether Hill was competent to litigate this matter himself. *See id.* It reasonably found that Hill's understanding of his own medical issues, communication skills, and ability to obtain and provide relevant medical information were sufficient to match this relatively straightforward case. *See id.* at 514. Hill seems to suggest that counsel might have helped him retain an expert who could address the risks of meloxicam. But we will not upset the district court's decision if the presence of counsel would not likely have made a difference in the outcome. *See id.* Given the lack of injury—the uncontested objective evidence that Hill's creatinine levels normalized and that his kidneys are not physically damaged—counsel's presence would not likely have mattered. Finally, although some of Hill's filings omitted some names or included superfluous materials, the district court was able to understand and assess Hill's claims, as are we.

We have considered Hill's remaining arguments, and none has merit.

AFFIRMED